NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-220-GFVT

ROGER KISKADEN                                                                                          PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

JOHN REES, Commissioner, et al.                                                          DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Roger Kiskaden, an individual presently confined in the Kentucky State Penitentiary ("KSP") located in Eddyville, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, and a motion to proceed herein *in forma pauperis*. The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §§1915(e) and 1915A(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff claims the defendants have violated his rights under the U.S. Constitution's First, Fourth, Fifth, Eighth, Eleventh, and Fourteenth Amendments and under Kentucky law.

NAMED DEFENDANTS

As defendants, the plaintiff has named the following in their individual capacities: the Kentucky Department of Corrections' ("KDOC") (1) Commissioner John Reese [sic]; and (2) Director of Operations, Charles Williams; additionally, he names KSP's (3) Warden Thomas Simpson; (4) Grievance Director Patti Treat; (5) Corrections Officers Mitchel McCalister, (6) Richard Martin, and (7) Freanch; and Lieutenants (8) Fred Rogers and (9) Whalt Thomas.

## RELIEF REQUESTED

The plaintiff seeks damages.

## TWO PRIOR CASES

The instant civil rights lawsuit is not the first which Roger Kisdaden has filed in this Court. On July 22, 2004, he initiated *Kiskaden v. Campbell County Jail, et al.*, 04-CV-157-DLB, also a §1983 proceeding, and he paid the district court filing fee. He alleged that jail personnel were acting to violate his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and he attached to his initial document several exhibits reflecting the nature of his complaints, including grievances which he had filed.

Upon screening of this first complaint, on October 19, 2004, the Court dismissed the action, *sua sponte*, on the ground that Kiskaden had neither alleged nor demonstrated exhaustion of the jail's grievance procedures. As authority for enforcement of the exhaustion requirement, the Court's Order of dismissal included citations to 42 U.S.C. §1997e, *Booth v. Churner*, 532 U.S. 731 (2001), and *Knuckles-El v. Toombs*, 215 F.3d 640 (6th Cir. 2000), and it also included a discussion of the underlying purposes of the requirement. The plaintiff initiated an appeal of the dismissal, but after he did not pay the appellate filing fee, the appeal was dismissed for failure to prosecute.

The plaintiff's second case was *Kiskaden v. Eastern Kentucky Correctional Complex, et al.*, 06-CV-013-HRW, wherein the plaintiff made allegations about the conditions of his confinement in a state prison. This time he did not pay the fee but was granted permission to proceed *in forma pauperis*. He attached to his complaint copies of grievances which he had submitted at the prison on several topics, including his housing assignment, the purported temperature of showers, conflicts with staff, discrimination, harassment, and retaliatory treatment.

Again, upon screening, the Court dismissed the action for the plaintiff's failure to allege or demonstrate exhaustion of the grievance procedure. Again, in the Order of Dismissal the Court cited to the governing statute and case law and, additionally, pointed out to him that "the administrative procedures available to him are set forth in 501 KAR 6:010, which governs prison grievance procedures. They are referred to as 'Corrections Policies and Procedures' ("CPP")." The Court went on to describe the grievance process, noting that the last level of appeal was to the Commissioner of KDOC Corrections. D.E. 7 at 3-4.

The Court then compared the plaintiff's submissions against the CPP requirements for exhaustion and found that the plaintiff had not demonstrated exhaustion with regard to any of his grievances:

> . . . Kiskaden has provided the Court with numerous copies of Inmate Grievance Forms raising a variety of issues. Kiskaden has also provided the Court with a copy showing the warden's denial of his grievance with respect to at least one subset of his claims. See Item 7, *supra*. However, Kiskaden has not provided the Court with any documentation showing that he has pursued his administrative remedies to exhaustion by appealing to the Commissioner of Corrections as required by §I(3)(a) of the *Inmate Grievance Process* with respect to *any* of his claims, let alone all of them. Because Kiskaden has failed to provide the Court with any documents indicating his invocation and completion of the administrative remedy process under the Kentucky Department of Corrections' CPP on all of his claims, he has failed to demonstrate exhaustion of his available administrative remedies, and his complaint must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005) (where a complaint therefore asserts both exhausted and unexhausted claims, it must be dismissed without prejudice to provide the prisoner with an opportunity to exhaust the unexhausted claims); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (because a prisoner may not later amend his complaint to cure the failure to plead and demonstrate the exhaustion of administrative remedies, the complaint must be dismissed without prejudice).

*Id.* at 4. The plaintiff filed a notice of appeal of the dismissal but has not responded to this Court's or the appellate court's deficiency orders about the appellate filing fee. D.E. 11-12.

## CURRENT COMPLAINT

The instant action is almost a carbon copy of the plaintiff's previous two filings. Herein, the plaintiff complains of the conditions of his confinement at the next prison to which he was moved, the KSP. He particularly focuses on claims of difficulties with staff. Kiskaden attaches copies of grievances and memoranda and letters which reveal his various complaints; repeatedly asks in these documents that staff be disciplined for certain conduct; and has been told consistently how to proceed correctly. He has been instructed that he must bring any staff misconduct complaint to the attention of the prison's authorities before contacting state officials and that asking for a KDOC employee to be disciplined is an inappropriate request for relief.

Still, this third time, the plaintiff has failed to allege or demonstrate exhaustion of his administrative remedies with regard to any of the complained-of conditions. He submits nothing to illustrate that he pursued any complaint to the KDOC Commissioner, *i.e.*, the final level of appeal and hence, the point of exhaustion. Although the KDOC regulation has been revised earlier this year,[1] it still provides for a final appeal to the Commissioner, a level which the plaintiff fails to demonstrate that he reached. Again this Court finds, as it has previously, that "[b]ecause Kiskaden has failed to provide the Court with any documents indicating his invocation and completion of the administrative remedy process under the Kentucky Department of Corrections' CPP on all of his claims, he has failed to demonstrate exhaustion of his available administrative remedies, and his

---

[1] 501 KAR 6:020 governs prison grievance procedures, effective February 3, 2006. The current CPP 14.6, *Inmate Grievance Procedure*, provides an Inmate Grievance Process at II, J. Under J(1), a prisoner at a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head or institutional staff. If the attempt at informal resolution fails, then under J(2), he must seek a hearing before the Grievance Committee. *Id.* The Committee's decision must be forwarded to the warden, who is responsible for making a final written decision. *Id.* at J(3). A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections. *Id.* at J(4).

complaint must be dismissed."

Therefore, the instant cause of action will be dismissed for the plaintiff's failure to exhaust the prison's available administrative remedies. This ground for dismissal is equivalent to "failure to state a claim upon which relief can be granted." *Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C.Cir. 2003); *Glazebrook v. Inmate Grievance Procedure Records Administrator*, 60 F.3d 821 (4th Cir. 1995) (unpublished).

## WARNING

The Court takes this opportunity to put Kiskaden on notice of another provision of the law which may prove applicable to him in the future:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The plaintiff in this action has now brought to this Court two *pro se*, *in forma pauperis* actions which were dismissed for failure to state a claim upon which relief may be granted. He is hereafter on notice that his right to bring such actions is limited to only one more. After the dismissal of three actions or appeals for any reason listed in the above-quoted statute, he will be forever barred from filing cases *in forma pauperis*, unless he is under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**,

5

*sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This 14th day of November, 2006.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge